UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOE HAND PROMOTIONS, INC.,

Plaintiff,

- vs -

HALFTIME AT HWY 21, LLC., *et al.,*

Defendants.

CASE NO.: 4:24-cv-01889

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

   Jamie King, counsel for Plaintiff, Joe Hand Promotions, Inc., and Hunter Shurtleff, counsel for Defendants, Halftime at Hwy 21, LLC, Michael Espitia Jr., Michael Espitia Sr., and Robert Galicia, conferred via telephone on November 20, 2024.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   Plaintiff, Joe Hand Promotions, Inc. held the exclusive commercial license to distribute and authorize the public exhibition of the closed-circuit broadcast of the *Gervonta Davis vs. Mario Barrios* boxing match, including all undercard bouts and commentary, telecast on June 26, 2021 (the "Program") for businesses such as the business made the basis of this case. Plaintiff claims that Defendants exhibited or assisted in the exhibition of the Program, willfully and for purposes of commercial advantage or private financial gain, at the commercial establishment Defendants operated known as Halftime Bar & Grill/Halftime at Hwy 21/Carps at Hwy 21 located at 5809 E. State Highway 21, Bryan, Texas 77808, without the necessary payment to or authorization from Plaintiff and in violation of the rights held by Plaintiff. Plaintiff sues Defendants for their direct and/or individual (vicarious) liability for the violation of the Federal Communications Act of 1934, as amended.

1

**4. Specify the allegation of federal jurisdiction.**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 and 47 U.S.C. § 605.

Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District.

**5. Name the parties who disagree and the reasons.**

The parties agree that jurisdiction and venue are proper.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff is not aware of additional parties at this time.

**7. List anticipated interventions.**

None.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not yet made initial disclosures.

The parties agree to make Initial Disclosures by <u>December 10, 2024.</u>

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all matters raised in Rule 26(f).**

Documents are to be produced, in an electronic or hard copy format and responses to discovery and documents will be sent to the opposing counsel at the address given in the pleadings or via email. If a document is produced in an electronic format, it will be on a CD, flash drive, cloud-based drive, or via email, unless the opposing party provides notice that the production should occur in an alternative format, and the basis for deviating from the agreed upon form of production.

At this time, the parties agree that discovery need not be conducted in phases.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to Defendants within 45 days after Plaintiff receives initial disclosures from Defendants.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending interrogatories to Plaintiff within 45 days after Defendants receive initial disclosures from Plaintiff.

**D. Of Whom and by when the plaintiff anticipates taking oral depositions.**

Within the discovery period set by this Court, Plaintiff may take oral depositions of Defendants as well as management and employees (present and former) of Defendants' commercial establishment and any and all other persons or entities with knowledge of relevant facts and/or identified by any other party in this suit. Plaintiff reserves the right to take depositions of all witnesses identified in this case.

**E. Of Whom and by when the defendant anticipates taking oral depositions.**

Defendants do not anticipate oral depositions at this time.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

At this time, Plaintiff does not anticipate designating experts, save and except for counsel for attorney's fees and costs.

Defendants do not anticipate designating experts.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

If Defendants designate experts, Plaintiff may take the experts' deposition within the discovery period set by the Court.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants do not anticipate taking expert depositions.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

The parties are agreed on the discovery plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

September 11, 2025.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

During the Rule 26(f) conference, Plaintiff, through its attorney, presented a settlement offer.  The settlement offer will be presented to Defendants for consideration.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Please see above.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

Plaintiff believes that the costs of a requirement for alternate dispute resolution *in person* may outweigh the benefits in that cost of travel along with the cost of the ADR may reduce the settlement potential.  That said, if the Court requires ADR, the parties request that same may be conducted via telephone, Zoom, or other electronic means.

Further, if such is necessary, the parties wish to first conduct discovery before being referred for alternative dispute resolution.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not jointly agree to a trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

A jury demand was not made.

**19. Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate 6-8 hours to present evidence in a bench trial.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date for the filing for original and any amendments.**

Plaintiff, Joe Hand Promotions, Inc. filed its Certificate of Interested Persons on May 23, 2024. *See* Doc. #5.

Defendants did not file their Certificate of Interested Persons.

**24. List the names, bar numbers, addresses, and telephone numbers of *all* counsel.**

Jamie King
Texas State Bar No. 24043755
SDTX No. 566838
Jamie King, P.C.
PO Box 5757
Kingwood, TX 77325 (Mailing Address)
(T): (832) 584-0106
(F): (888) 247-0443
(E): jamie@jamiekingpc.com

*Attorney for Plaintiff*

Hunter Shurtleff
Texas State Bar No. 00794629
SDTX No. 19934
Shurtleff Law Firm, PC
PO Box 9618
College Station, Texas 77842
(T): (979) 446-4012
(F): (979) 431-0065
(E): hunter@shurtlefflaw.com

*Attorney for Defendants*

Respectfully submitted,

/s/ Jamie King
Jamie King
Texas State Bar No. 24043755
SDTX No. 566838
Jamie King, P.C.
P.O. Box 5757
Kingwood, Texas 77325
(T): (832) 584-0106
(F): (888) 247-0443
(E): jamie@jamiekingpc.com

ATTORNEY FOR PLAINTIFF,
JOE HAND PROMOTIONS, INC.

-and-

Hunter Shurtleff
Texas State Bar No. 00794629
SDTX No. 19934
Shurtleff Law Firm, PC
P.O. Box 9618
College Station, Texas 77842
(T): (979) 446-4012
(F): (979) 431-0065
(E): hunter@shurtlefflaw.com

ATTORNEY FOR DEFENDANTS,
HALFTIME AT HWY 21, LLC,
MICHAEL ESPITIA JR.,
MICHAEL ESPITIA SR., and

6

ROBERT GALICIA